**WO** SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reginaldo Torrez,<br><br>  Plaintiff,<br><br>vs.<br><br>Correctional Corporation of America, et al.,<br><br>  Defendants. | No. CV 07-1551-PHX-SMM (JRI)<br><br>**ORDER** |

Plaintiff Reginaldo Torrez, who is confined in the Federal Correctional Institution in Big Spring, Texas, filed a *pro se* civil rights Complaint alleging violations of the Constitution,[1] international treaties pursuant to the Alien Tort Claims Act (ATS)[2], and state law. (Doc.# 1.)[3] The Court dismissed Plaintiff's Bivens claims against Defendants Doe and

---

[1] Plaintiff indicated that he sought relief for constitutional violations pursuant to 42 U.S.C. §§ 1983 and 1985. Federal inmates seeking damages for violations of their constitutional rights by individual employees of CCA must seek relief pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), rather than §§ 1983 and 1985. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1104 (9th Cir. 2004) (immigration detainee seeking relief from individual CCA employees had to bring suit pursuant to Bivens), cert. denied sub nom. Gerber v. Agyeman, 125 S. Ct. 2941 (2005).

[2] 28 U.S.C. § 1350.

[3] "Doc.#" refers to the docket number of filings in this case.

1  Corrections Corporation of America (CCA) for failure to state a claim.[4] (Doc.# 4.) The
2  Court also dismissed Plaintiff's claims for violations of the ATS, international treaties and
3  the FTCA and ordered Plaintiff to show cause why his remaining <u>Bivens</u> claim against Dr.
4  Sabal and his state tort law claims should not be dismissed as time-barred. (<u>Id.</u>)

5  Plaintiff has filed a Response and Objection to the Court's Order. (Doc.# 5.) Plaintiff
6  in part seeks reconsideration of the dismissal of claims and Defendants and/or leave to file
7  an amended complaint. He also contends the Court erred in using Arizona's statute of
8  limitation for personal injury claims to determine the statute of limitation for his <u>Bivens</u>
9  claim. The Court will deny reconsideration of the dismissal of claims and Defendants.
10 Further, because Plaintiff has not shown cause why his remaining claims are not time-barred,
11 the Court will dismiss those claims and this action. While a *pro se* litigant is entitled to an
12 opportunity to amend the complaint before dismissal of the action, *if* the Court determines
13 that a pleading could be cured by the allegation of other facts, <u>see</u> <u>Lopez v. Smith</u>, 203 F.3d
14 1122, 1127-29 (9th Cir. 2000) (*en banc*), the Court concludes, based upon the Complaint and
15 Plaintiff's Response to the Show Cause Order, that he cannot cure his Complaint by the
16 allegation of other facts.

17 **I.      Complaint**

18 Plaintiff, a Mexican citizen, alleged four claims for relief in his Complaint in
19 connection with injuries resulting from an accident during transport on a CCA bus. Plaintiff
20 sued CCA; John Doe, the CCA bus driver; and Dr. G. Sabal, a CCA physician, seeking
21 declaratory, compensatory, and punitive relief.

22 Plaintiff alleged the following facts: Plaintiff was a federal pretrial detainee in the
23 custody of CCA at relevant times. On October 24, 2003, Plaintiff and other federal inmates,
24 were being transported in a CCA bus from the federal courthouse in Phoenix back to CCA's
25 Central Arizona Detention Center (CADC) in Florence, Arizona. Plaintiff was shackled hand
26 and foot and was not secured by a seat belt. As the bus driver attempted to reverse out of the
27
28        [4] The Court screened the Complaint as required under 28 U.S.C. § 1915A(a).

- 2 -

1  garage, he hit a pillar. Plaintiff was thrown against a fiberglass bench injuring his shoulder.
2  (Doc.# 1 at 8.) After arrival at CADC, Plaintiff was left in handcuffs in a small room for two
3  hours, despite "excruciating pain." (Id.) At about 9:30 p.m., a CCA captain photographed
4  Plaintiff's injury and a medical staff member looked at the injury and prescribed pain pills
5  to Plaintiff, but no x-rays were taken. (Id. at 8-9.) The staff member told Plaintiff that a
6  doctor would be available the next day. (Id. at 9.) On October 25, 2003, Dr. Sabal examined
7  Plaintiff's shoulder and told him that it was broken. (Id.) Dr. Sabal ordered x-rays and
8  provided a sling for Plaintiff's arm. (Id.) On October 26, 2003, Plaintiff was transported to
9  a private clinic where his shoulder was x-rayed and he received an injection and pain pills.
10 (Id.) The next day, Plaintiff was approached by CCA officials and asked to sign a form
11 releasing CCA from liability for the accident. (Id. at 9-10.) Plaintiff refused to sign. (Id. at
12 10.)

13        On November 6, 2003, Plaintiff went to sick call because he had not been notified of
14 the x-ray results and he continued to suffer from extreme shoulder pain. (Id.) Plaintiff
15 alleges that he repeatedly reported to sick call over the next month complaining of extreme
16 pain but continued not to be informed of x-ray results and to receive only pain medication
17 and no other treatment. (Id.) On November 28, 2003, Plaintiff submitted a CCA inmate
18 grievance because of the "extreme pain" he was suffering without being provided care other
19 than pain medication. (Id.) The same morning he submitted the grievance, Dr. Sabal
20 prescribed more medication, but when Plaintiff attempted to pick up the prescription, the
21 pharmacist told Plaintiff there was no medication for him, leaving Plaintiff without any pain
22 relief. (Id. at 11.) On December 1, 2003, Plaintiff went to sick call again because of pain.
23 (Id.) Instead of prescribing pain medication, Dr. Sabal took away the sling he had previously
24 provided to Plaintiff. (Id.) When Plaintiff inquired why and stated that he needed the sling,
25 Dr. Sabal allegedly told Plaintiff he did not care. (Id. at 11, 12.)

26        On December 4, 2003, Plaintiff returned to sick call and was prescribed pain
27 medication for 30 days. (Id. at 12.) Shortly thereafter, Plaintiff was transferred to New
28 Mexico for 90 days before being transferred to Big Spring on April 6, 2004. (Id.) Plaintiff

- 3 -

1 requested and received pain medication throughout this period but did not receive other
2 treatment or evaluation. (Id.) On April 15, 2004, Plaintiff reported to sick call at Big Spring
3 because his arm was going numb and weak. (Id.) X-rays were ordered and Plaintiff's
4 previous x-rays reviewed and he was informed on August 24, 2004 that there was a
5 "thickening" of the clavicle from the prior injury. (Id. at 13.) Plaintiff continued to suffer
6 from severe pain. (Id.) According to Plaintiff, a December 21, 2004, Big Spring medical
7 report indicated that Plaintiff's shoulder had healed improperly and that it would have to be
8 re-broken and re-set, which would be painful. (Id.) It is unclear from the Complaint whether
9 in fact that has occurred.

10 On January 22, 2005, Big Spring medical staff limited Plaintiff from lifting more than
11 30 pounds due to his shoulder injury. (Id.) According to Plaintiff, medical reports document
12 that he has continued to suffer pain and a burning sensation in his shoulder. (Id.) On May
13 9, 2005, a spinal x-ray was ordered because of pain radiating from his shoulder to his neck
14 and left arm and a narrowing of the disc space between C5-C6 and C6-C7 with some
15 osteophytosis was found. (Id. at 13-14.) Plaintiff alleged that he has continued to suffer pain
16 and had limited use of his shoulder and arm. (Id. at 14.)

17 Plaintiff asserted on information and belief that the inmates who signed the release
18 forms were treated. (Id. at 10.) He contends that he was not properly treated because he
19 refused to sign a release. (Id. at 10, 17, 18.) The Court construed the Complaint to allege
20 claims for retaliation by CCA and/or Dr. Sabal against him for refusing to sign the release
21 and/or for filing a grievance regarding treatment of his shoulder. The Court also construed
22 the Complaint to allege deliberate indifference to Plaintiff's serious medical needs against
23 Dr. Sabal in late 2003. In addition, Plaintiff alleged that CCA, the bus driver, and Dr. Sabal
24 were negligent with respect to care for his shoulder.

25 **II.   Reconsideration of the October 16, 2007 Order**

26 As noted above, Plaintiff seeks reconsideration of portions of the Court's prior Order,

- 4 -

1    specifically, the dismissal of his ATS claims and Defendants CCA and Doe.[5]  Generally,
2    reconsideration is appropriate only where the Court "(1) is presented with newly discovered
3    evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if
4    there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County,
5    Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Zimmerman v. City of Oakland, 255
6    F.3d 734, 740 (9th Cir. 2001).  A motion for reconsideration should not be used to ask a court
7    "to rethink what the court had already thought through, rightly or wrongly." United States
8    v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998).  Rather, such arguments should be
9    directed to the court of appeals. Sullivan v. Faras-RLS Group, Ltd., 795 F. Supp. 305, 309
10   (D. Ariz. 1992).

11   Plaintiff fails to demonstrate that the Court clearly erred in its October 16, 2007 Order,
12   that the October 16 Order was manifestly unjust, or that there has been a change in the
13   controlling law.  Rather, Plaintiff disputes the applicable law and asks the Court to rethink
14   what it has already thought through.  Plaintiff fails to establish grounds to grant
15   reconsideration.  Accordingly, reconsideration based upon Plaintiff's "Objections" will be
16   denied.

17   **III.    Plaintiff's Response Re: Statute of Limitations**

18   The Court ordered Plaintiff to show cause why his remaining claims, i.e., his Bivens
19   claim against Dr. Sabal and his state tort law claims, should not be dismissed as time-barred.
20   (Doc.# 4.)  With respect to Plaintiff's Bivens claim against Dr. Sabal, the Court previously
21   explained:

---

[5] Plaintiff maintains that the denial of medical care resulting in severe physical pain for refusing to sign a liability release violated the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment.  However, the Convention does not provide a private right of action. See Renkel v. United States, 456 F.3d 640, 643-44 (2d Cir. 2006); see In re Estate of Ferdinand E. Marcos Human 978 F.2d 493, 499 (9th Cir. 1992); see also Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1247 (11th Cir. 2005) (finding no basis in law to recognize the plaintiff's claim for cruel, inhuman, degrading treatment); Mujica v. Occidental Petro. Corp., 381 F. Supp.2d 1164, 1183 (C.D. Cal. 2005) (same).

> To state a <u>Bivens</u> claim, a plaintiff must allege that persons acting under color of federal law violated his constitutional rights. <u>Martin v. Sias</u>, 88 F.3d 774, 775 (9th Cir. 1996) (citing <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991)). Thus, an action under <u>Bivens</u> is identical to one brought pursuant to 42 U.S.C. § 1983 except for the replacement of a state actor under § 1983 by a federal actor under <u>Bivens</u>. <u>Id.</u>
>
> To state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976). Further, a plaintiff must allege that a defendant's acts were more than merely negligent. <u>Alfrey v. United States</u>, 276 F.3d 557, 568 (9th Cir. 2002); <u>see</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986) (plaintiff must plead more than mere negligence in a 42 U.S.C. § 1983 action).

(Doc.# 4 at 5.) Further,

> In a <u>Bivens</u> action, the Court applies the statute of limitations of the forum state for personal injury actions. <u>Pesnell v. Arsenault</u>, 490 F.3d 1158, 1163 (9th Cir. 2007); <u>see</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 266, 274-76 (1985); <u>TwoRivers v. Lewis</u>, 174 F.3d 987, 991 (9th Cir. 1999); <u>Vaughan v. Grijalva</u>, 927 F.2d 476, 478 (9th Cir. 1991). The Arizona statute of limitations for personal injury actions is two years. <u>See</u> A.R.S. § 12-542(1); <u>Madden-Tyler v. Maricopa County</u>, 943 P.2d 822, 824 (Ariz. Ct. App. 1997); <u>Vaughan</u>, 927 F.2d at 478.

(<u>Id.</u> at 5-6.) The Court observed that:

> It appears from the face of Plaintiff's Complaint that his claims against Dr. Sabal accrued more than two years before he filed his Complaint and that it is, therefore, time-barred. His complaint was filed on August 10, 2007 and signed on August 8, 2007. (Doc.# 1 at 30.) For his claim to be timely, [it] must have accrued no earlier than August 8, 2005, two years before his Complaint was filed. "[A] claim generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 379 (9th Cir. 1998). Plaintiff alleges that he suffered severe pain since the accident and that Dr. Sabal acted with deliberate indifference to his serious medical need in October - November, 2003. Thus, Plaintiff's constitutional claims against Dr. Sabal accrued no later than October-November 2003, but Plaintiff did not file this action until more than four years later. . . .

(<u>Id.</u> at 6.)

In response, Plaintiff argues that the Court has applied the wrong statute of limitations, asserting that the 10-year statute of limitation for an ATS violation applies. As the Court previously stated, the statute of limitations of the forum state for personal injury actions

1   provides the limitation period for a Bivens claim.[6] Pesnell, 490 F.3d at 1163.

2   Plaintiff otherwise asserts that because he continues to suffer consequences of the alleged constitutional violation, his Bivens claim against Dr. Sabal is not time-barred. (Doc.# 5 at 11.) Plaintiff is mistaken. The continuing ill effects of a violation do not toll the statute of limitations. Normandeau v. City of Phoenix, 516 F.Supp.2d 1054, 1066 (D. Ariz. 2005) (citing RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045 (9th Cir. 2002)). Plaintiff has not shown cause why his Bivens claim against Dr. Sabal should not be dismissed as barred by the statute of limitation. Accordingly, that claim will be dismissed.

Plaintiff also alleges state tort law claims. Because Plaintiff has failed to state a federal claim in this action, the Court declines to exercise jurisdiction over any state law claim and will dismiss such claims without prejudice. 28 U.S.C. § 1367(c).

**IT IS HEREBY ORDERED:**

(1)   Plaintiff's Objections are construed as a motion for reconsideration, which is **denied**. (Doc.# 5.)

(2)   Plaintiff's remaining federal claim is **dismissed** with prejudice and his state law claims are dismissed without prejudice.

(3)   The Clerk of Court shall enter judgment accordingly.

DATED this 22nd day of January, 2008.

Stephen M. McNamee
United States District Judge

---

[6] Different statutes of limitations apply to different types of claims. Hence, the statute of limitation for ATS claims is 10 years, while the statute of limitation for Bivens claims is the same as that for personal injury claims in the forum state.